# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| X.AI LLC,<br><br>                    Plaintiff,<br><br>        v.<br><br>KEITH ELLISON, in his official capacity, as Attorney General of Minnesota,<br><br>                    Defendant. | Case No. 0:26-cv-03425-DWF-DTS<br><br>Hon. Judge Donovan W. Frank<br><br>**PLAINTIFF'S EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**<br><br>**EXPEDITED CONSIDERATION REQUESTED** |

Under Federal Rule of Civil Procedure 65, Plaintiff X.AI LLC ("Plaintiff" or "xAI") respectfully moves this Court for a temporary restraining order and a preliminary injunction barring Defendant Keith Ellison, in his official capacity as Attorney General of Minnesota, from enforcing Minnesota Statutes § 325E.91 against xAI or, in the alternative, from enforcing that statute altogether. The grounds for this motion are set forth in the accompanying Memorandum of Law in Support of Plaintiff's Emergency Motion for Temporary Restraining Order and Preliminary Injunction, the Declaration of Naser Baseer, and any oral argument the Court may allow.

xAI is likely to succeed on the merits. HF 1606 restricts protected expression based on what an image depicts, so strict scrutiny applies—a standard "fatal in fact absent truly extraordinary circumstances." *Free Speech Coal. v. Paxton*, 606 U.S.

461, 485 (2025). The Act cannot survive it. While xAI does not dispute that Minnesota's interest in this case in curbing the nonconsensual dissemination of artificially generated nude images—an interest xAI itself enforces through its own moderation and terms of service—the Act is overinclusive because its definition of "intimate part," borrowed from a criminal-sexual-contact statute, reaches shirtless men, swimsuits, and shorts, and it imposes liability regardless of consent, knowledge, or distribution—requirements that comparable laws impose. Minn. Stat. § 617.262; 47 U.S.C. § 223. Indeed, HF 1606's unconstitutional applications so outnumber its legitimate ones that it is facially overbroad too. The remaining factors point in the same direction. The loss of First Amendment freedoms, even briefly, is irreparable, and xAI and its users will suffer such loss on August 1, when it must restrict Grok Imagine's editing feature for Minnesota users. The State has no interest in enforcing an unconstitutional statute, while Minnesotans lose a tool available in every other State—and an injunction would not facilitate the conduct the Legislature set out to stop, which is already unlawful and already barred by xAI's terms of use.

Expedited consideration of this motion is necessary because Minnesota Statutes § 325E.91 takes effect on August 1, 2026. Before that date, xAI must restrict Grok Imagine's image-editing feature for Minnesota users or face civil penalties of up to $500,000 for each image or video a Minnesota user creates. Building that restriction requires xAI to design, test, and deploy geographically targeted controls,

2

at engineering cost it cannot recover. And once the feature is restricted, Minnesotans lose full access to an expressive tool that remains available in every other State; users who leave may not be won back by a later ruling, and the speech they would have made in the meantime is lost for good. The relief requested therefore could be rendered ineffectual before the motion is briefed under the usual briefing schedule. *See* D. Minn. LR 7.1(d).

Counsel for Plaintiff has attempted to give notice of this Motion to Defendant. Specifically, counsel for Plaintiff contacted counsel for Defendant concerning this Motion on July 29, 2026. In compliance with D. Minn. LR 7.1(c)(1) and 7.1(d), Plaintiff serves and files simultaneously with this Motion a notice of hearing, a memorandum of law, the Declaration of Naser Baseer, and a proposed order.

For the reasons set forth in its memorandum, Plaintiff respectfully asks this Court to expedite consideration, grant this Motion, and enter a temporary restraining order and preliminary injunction barring Defendant from enforcing Minnesota Statutes § 325E.91 against xAI or, in the alternative, from enforcing that statute altogether.

Dated: July 29, 2026                    Respectfully submitted,


                                        */s/ Todd A. Noteboom*
                                        Todd A. Noteboom (#0240047)
                                        Andrew P. Leiendecker (#0399107)
                                        Sarah R. Almquist (#0403469)
                                        STINSON LLP
                                        50 South Sixth Street, Suite 2600
                                        Minneapolis, MN 55402
                                        (612) 335-1500
                                        todd.noteboom@stinson.com
                                        andrew.leiendecker@stinson.com
                                        sarah.almquist@stinson.com

                                        Robert E. Dunn (*pro hac vice*)
                                        EIMER STAHL LLP
                                        1999 S. Bascom Ave., Suite 1025
                                        Campbell, CA 95008
                                        (408) 889-1690
                                        RDunn@eimerstahl.com

                                        Johnathan Hall (*pro hac vice* motion
                                        pending)
                                        EIMER STAHL LLP
                                        224 S. Michigan Ave., Suite 1100
                                        Chicago, IL 60604
                                        (312) 660-7600
                                        jhall@eimerstahl.com


                                        *Attorneys for Plaintiff X.AI LLC*

4