# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

xAI LLC,

       *Plaintiff,*

  *vs.*

KEITH ELLISON,
in his official capacity as Attorney General

       *Defendant.*

CASE NO. 0:26-CV-03425 (DWF-DTS)

**REPLY IN SUPPORT OF MOTION OF THE LIBERTY JUSTICE CENTER TO FILE AS *AMICUS CURIAE* IN SUPPORT OF PLAINTIFF**

---

# REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE BRIEF AS *AMICUS CURIAE*

Pursuant to this Court's inherent authority to permit the filing of *amicus curiae* briefs, and consistent with LR 7.1, proposed *amicus curiae* Liberty Justice Center (LJC) respectfully submits this Reply in support of its motion for leave to participate in the above-captioned case. While Plaintiff consented to the filing of the brief, Defendant opposes the same, and has now filed a formal opposition.

Defendant's opposition should be overruled.

As Defendant notes, in the District of Minnesota there is no formal rule governing the standard to evaluate a motion requesting leave to file an *amicus* brief. The decision whether to grant or deny a request to participate as *amicus* is entirely discretionary. When considering whether to grant leave, courts may consider, among other things, whether the petitioner has a special interest in a particular case, whether that interest is adequately represented, and whether the proffered information is timely and useful. *Tatel v. Mt. Lebanon School Dist.*, No. 22-cv-837, 2024 WL 980070, at *1 (W.D. Pa. Mar. 7, 2024).

Here, these conditions are present.

LJC is a nationally recognized expert in the First Amendment's Free Speech Clause with a robust docket of free speech cases,[1] has litigated free speech issues at the highest judicial levels, *see Janus v. AFSCME, Council 31*, 585 U.S. 878 (2018), and has specifically submitted previous *amicus* briefs on issues before various courts concerning the intersection between free speech and AI technology. *E.g.*, *The Babylon Bee, LLC v. Bonta*, No. 25-6138 (9th Cir. Mar. 18, 2026). LJC's proffered discussion of important First Amendment principles which were not fully briefed by Plaintiff will be useful to the Court and aid it in its consideration of Plaintiff's motion to preliminarily enjoin HF 1606.

The additional topics not briefed by the Plaintiff, but supplied by LJC's proposed *amicus* brief, include general First Amendment principles governing the speech at issue, LJC Proposed Amicus at 3–6, special considerations concerning the regulation of new technology and the internet for free speech, *id.* at 11–12, a discussion of *United States v. Stevens*, 559 U.S. 460 (2010), *id.* at 6–9, which is particularly relevant to a consideration of HF 1606, and other topics. This non-duplicative discussion of First Amendment authorities, and their consideration by

---

[1] https://libertyjusticecenter.org/issues/freespeech/

this Court, is especially important given the impact HF 1606 will have on the free speech rights of millions of Minnesotans.

The specific arguments Defendant makes in his opposition are also unavailing. LJC submits important legal authorities and arguments the Plaintiff does not present, which will be useful to a resolution of the issues. The fact that LJC's brief did not include a statement required under appellate rules, not strictly required here, that "[n]o counsel for any party authored any part of this brief, and no person or entity other than Amicus funded its preparation or submission," is a *de minimis* and easily corrected error. LJC provides assurance of its proposed brief's authorship and funding here, and if the Court so orders, can amend its proposed brief to reflect this statement.

Additionally, the Court should consider LJC's proposed brief timely under the circumstances. When evaluating *amicus* filings, courts primarily focus on whether the brief assists the judges by offering insights or legal arguments not adequately developed by the parties, rather than focusing on strict adherence to form. *See Voices for Choices v. Ill. Bell Tel. Co.*, 339 F.3d 542, 545 (7th Cir. 2003). This Court is not

required to ignore the special circumstances of this case, and the differences between this case and *amicus* participation in the circuits.

FRAP 29 contemplates a months-long briefing schedule in which potential *amici* would have ample advance notice of filing deadlines and be in a position to prepare accordingly. Here, given the procedural posture of the case, proposed *amicus* LJC was under immense pressure to research, prepare, and file its proposed brief. It did so within eight days of the filing of Plaintiff's motion, which is a more than reasonable turnaround time under the circumstances in order to supply the Court with important arguments not directly discussed by the parties.

Defendant cannot have it both ways. Either proposed *amicus* LJC offers only duplicative arguments, in which case Defendant should not need any additional time to reply to them, or LJC offers novel arguments and authorities for which he requires additional time. LJC respectfully submits it is the latter, and supports Defendant's request for additional time for his own briefing, and in the spirit of free speech, for the potential participation of additional *amici*.

For these reasons, LJC respectfully requests this Court grant its motion for leave to file a brief *amicus curiae* and enter an order authorizing such submission.

Dated: August 10, 2026

Respectfully submitted,

Matt Kezhaya
KEZHAYA LAW PLC
150 S. Fifth St., Suite 1850
Minneapolis, MN 55402
(612) 276-2216
matt@kezhaya.law

Timothy R. Snowball*
LIBERTY JUSTICE CENTER
1629 K Street N.W., Suite 300
Washington, D.C. 20006
(512) 481-4400
tsnowball@libertyjusticecenter.org

*Admitted *Pro Hac Vice*
